UNITED STATES of America

v.

Thomas PECORA and Dante Martire.

Cr. No. 14875.

United States District Court
W. D. Pennsylvania.

Sept. 3, 1958.

Hubert Teitelbaum, U. S. Atty., Pittsburgh, Pa., for plaintiff.

Schuchert & Eddy, Pittsburgh, Pa., for defendant.

SORG, District Judge.

Defendants were found guilty by the verdict of a jury of violating Section 186 (b) of the Labor Management Relations Act, 29 U.S.C.A. § 186(b), which reads as follows:

"It shall be unlawful for any representative of any employees who are employed in an industry affecting commerce to receive or accept, or to agree to receive or accept, from any employer of such employees any money or other thing of value."

On December 19, 1951, the defendants were business agents of Local 1058, International Hod Carriers, Building and Common Laborers Union, and, as such, they were charged with the duty of "over-seeing and carrying out of working agreements" and had the power to "stop the job" where contract conditions were not adhered to. Defendants were also members of the Executive Committee of the Union.

William Wiggins and William Spencer were co-partners in Black Top Paving Company which partnership was engaged in the performance of a contract with the Commonwealth of Pennsylvania for the improvement and resurfacing of a 5-mile section of Pennsylvania State Highway Route 71, near Belle Vernon, Pa. Local 1058 and Black Top Paving Company were parties to an agreement in which Local 1058 was designated as the sole representative of employees of Black Top, a union shop was set up, provision for the collection of dues by check-off was made, and wages and working conditions were established. State Highway Route 71 was a part of the federal system of highways and was a feeder route to three main interstate highways. It was frequently used by vehicles bearing registration plates issued by states other than Pennsylvania.

A bituminous mix used for the resurfacing of Route 71 was supplied to Black Top Paving Company by Burrell Construction Company. Liquid asphalt used in the mix was shipped from Baltimore, Maryland, to Donora, Pa. Clay pipe used on this project for tile underdrain was acquired from Bowerstown, Ohio.

On December 19, 1951, the defendants received and accepted $200 from Wiggins and Spencer, partners of Black Top Paving Company.

Defendants have filed a motion in arrest of judgment and a motion for judgment of acquittal, or, in the alternative, for a new trial.

The motion in arrest of judgment is based on the ground that the indictment fails to state a crime within the purview of 29 U.S.C.A. § 186. Defendants did not discuss this matter either at oral argument or in their brief and the Court previously considered and passed upon this question on a motion to dismiss the indictment prior to trial. The motion in arrest of judgment will be denied.

Defendants' motion for acquittal, or in the alternative, for a new trial, is based on the general grounds that, (1) the Court erred in denying the defendants' motion for acquittal at the conclusion of the evidence offered by the government, (2) the Court erred in denying the defendants' motion for judgment of acquit-

tal made at the conclusion of all evidence in the case, (3) the verdict is contrary to the evidence and to the weight of the evidence, (4) the verdict is not supported by substantial or sufficient evidence, (5) the verdict is contrary to the instructions and charge of the Court.

It should first be noted that defendants made their only motion for judgment of acquittal at the close of the government's case in chief, and did not renew the motion either after presenting their own evidence or at the conclusion of the government's rebuttal testimony. However, after a careful review of the record this Court is of the opinion that there is ample evidence to support the verdict of the jury and that the 1st, 2nd, 3rd, 4th and 5th reasons for the motion assigned by defendants are without merit. Defendants' motion for judgment of acquittal will be denied.

Defendants contend in paragraphs 6 and 10 of their motion that "the Court erred in its charge to the jury that if Pennsylvania Route 71 was used in 1951 to accommodate interstate traffic to any extent, then the government had proved interstate commerce to bring the charge in the indictment within the purview of 29 U.S.C.A., Section 186", and that "the Court erred in refusing the defendants' motion to strike from the record the testimony of Henry Stinson." (The name of the witness apparently referred to is John Stinson.)

The Court's charge on the element of interstate commerce was based on the principles set forth in Hulahan v. United States, 8 Cir., 1954, 214 F.2d 441, 445, certiorari denied 348 U.S. 856, 75 S.Ct. 81, 99 L.Ed. 675, as approved in United States v. Lowe, 3 Cir., 1956, 234 F.2d 919, and United States v. Varlack, 2 Cir., 1955, 225 F.2d 665.

There was substantial testimony that Route 71 served vehicular traffic from outside the Commonwealth of Pennsylvania and that a substantial part of the materials used on the project came from outside the state. Under these circumstances, in accordance with the principles stated in the cases cited, the Court ruled in effect that the evidence, if believed, was sufficient to establish that the employees of Black Top Paving Company were "employed in an industry affecting commerce" and submitted only the question of the credibility of the witnesses to the jury.

Defendants state, however, that the Court erred in instructing the jury that this element of the offense was established if the jury believed that Route 71 was used by interstate traffic "to any extent" and contends that the Court should have charged that Route 71 must be used "substantially rather than incidentally as a facility of interstate commerce" to satisfy this element. The Court's charge in this connection was based on the reasoning applied in National Labor Relations Board v. Denver Building & Const. Trades Council, 1951, 341 U.S. 675, 683–684, 71 S.Ct. 943, 949, 95 L.Ed. 1284, wherein the following language from National Labor Relations Board v. Fainblatt, 1938, 306 U.S. 601, 607, 59 S.Ct. 668, 83 L.Ed. 1014, was quoted with approval:

"Examining the Act in the light of its purpose and of the circumstances in which it must be applied, we can perceive no basis for inferring any intention of Congress to make the operation of the Act depend on any particular volume of commerce affected more than that to which courts would apply the maxim de minimis."

John Stinson, an official of the United States Bureau of Public Roads, testified that Route 71 was a part of the federal system of highways and that he observed vehicular traffic on the highway bearing registration plates issued by states other than Pennsylvania. This testimony was relevant and the Court is of the opinion that defendants' motion to strike was properly denied.

Paragraphs 6 and 10 of defendants' motion are without merit.

Defendants contend in paragraphs 9 and 7 of their motion that the Court "erred in its charge to the jury in de-

fining a representative of employees as used in 29 U.S.C.A., Section 186" and in refusing defendants' fourth request for instructions which was as follows:

"4. If you find that the common laborers left the job on December 13, 1951, and that no such laborers returned to work until March or April of 1952, and that they were not subject to call, then the Government has not proved beyond a reasonable doubt that these men were employees of Black Top Paving Company on December 19, 1951, and you must find the defendants not guilty."

The Court's charge defining "representative of employees" was based upon the principles set forth in Brennan v. United States, 8 Cir., 1957, 240 F.2d 253, 264, certiorari denied 1957, 353 U.S. 931, 77 S.Ct. 718, 1 L.Ed.2d 723, and in United States v. Ryan, 1956, 350 U.S. 299, 76 S.Ct. 400, 100 L.Ed. 335.

■ In connection with their fourth request for instructions, defendants contended that Black Top Paving Company had no employees on December 19, 1951, the date of the offense charged, and that defendants, therefore, were not and could not be "representatives of employees" within 29 U.S.C.A. § 186, on that date. There was testimony on behalf of the government that work on the project on Route 71 began in August, 1951, that work was discontinued on December 13, 1951, due to inclement weather and was not resumed until March or April of 1952. There was testimony that the laborers on the job were laid off on December 13, 1951, subject to recall in the event work was resumed, that their employment was not terminated and that some were, in fact, recalled when work was resumed in the spring. The Court charged the jury as follows:

"In this connection it is not necessary that the employees of Black Top Paving Company were actually working at the time of the alleged offense, it being sufficient even though they were laid off at the time, that their employment was not permanently terminated."

The Court is of the opinion that defendants were not prejudiced by this instruction. Paragraphs 7 and 9 of defendants' motion are without merit.

Paragraph 8 of defendants' motion states that:

"8. The Court erred in refusing defendants' motions for the Withdrawal of a Juror made throughout the trial on the ground that the extensive newspaper publicity and notoriety given to labor unions and labor officers, and in particular, to these defendants, created an atmosphere so prejudicial as to deny defendants the possibility of a fair trial."

■ During the trial the defendants on several occasions moved for the withdrawal of a juror on the ground of alleged adverse newspaper publicity. On each occasion, as well as in its final instructions, the Court cautioned the jury that they were not to be influenced by publicity and that their decision was to be based only on evidence produced at the trial. It has not been brought to the attention of the Court that the publicity in question created any public excitement or influenced the decision of any juror. Moreover, the government was not in any way responsible for the newspaper stories and they were subject neither to its control nor that of the Court. Under all the circumstances, the Court is of the opinion that the defendants were not prejudiced. United States v. Leviton, 2 Cir., 1951, 193 F.2d 848. Paragraph 8 of defendants' motion is without merit.

Defendants' motion for a new trial will be denied.